mortgage security, and that such possession did not in any way operate as an accord and satisfaction of the debt. The case is somewhat similar to Lathers v. Hunt (Com. Pl.) 9 N. Y. Supp. 494. There the mortgaged chattels consisted of furniture mortgaged to secure rent due upon the premises. The mortgagor abandoned the property, and the plaintiff assumed possession of it, and, while thus in possession, brought his action to recover from the defendant the amount of arrears of rent to secure the payment of which the mortgage was given. Upon the trial, defendant contended that the possession of the mortgaged chattels by the mortgagee operated as a satisfaction of the mortgage debt. The trial justice sustained the contention, and rendered judgment in favor of the defendant, from which an appeal was taken, and the decision of the court below reversed, upon the ground that the action was maintainable. The plaintiff in this action, as in Lathers v. Hunt, supra, took possession of the chattels for the purpose of protecting them, rather than in the exercise of any option of foreclosure. The promise made by the defendants being an unconditional one, to pay $2,400, in monthly installments of $100 each, we think the justice properly rendered judgment in favor of the plaintiff. Whatever sums the defendants pay will go in mitigation of the debt they assumed, and, when the plaintiff exercises its option of foreclosure, reduce the deficiency, if there be one, or increase the surplus, if any, arising from the sale. The mortgaged property being saloon fixtures, of precarious value, the plaintiff is probably awaiting a favorable opportunity before attempting a sale at which the property may be sacrificed. The judgment must therefore be affirmed, with costs.

---

(16 Misc. Rep. 40.)

### VAN BUSSUM v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

APPEAL FROM JUSTICE—RETURN—TENDER OF COSTS.

> Where a judgment is reversed, and the case remanded to a justice, and on new trial he dismisses the complaint, on tender of the costs of the second trial, as provided by Code Civ. Proc. § 3047, without tender of the costs of the former appeal, the justice must make a return of the appeal.

Action by Dixon Van Bussum against the Metropolitan Life Insurance Company. Judgment for plaintiff. Motion to compel the justice to make a return in appeal. Granted.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. Baldwin Hands, for appellant.

Ritch, Woodford, Vovee & Wallace, for respondent.

DALY, P. J. When the judgment of a justice of a district court is reversed, and a new trial is ordered, with costs to abide the event, the party prevailing upon the new trial becomes entitled to them immediately upon the entry of the new judgment in the district court, and is then entitled to have them taxed by the clerk of the appellate court, and to collect them. There is no practice by which

they can be inserted in the judgment of the district court, because (1) they are not awarded by the justice; (2) because the party entitled to them cannot be ascertained until that judgment has been entered, for the judgment is the event upon which they depend; (3) they must be taxed by the clerk of the appellate court in which they are awarded, and they cannot be taxed until the judgment of the district court entitling the party to tax them is produced to the clerk. As the judgment upon the new trial in the district court should include only those costs which the justice has power to award, a party desiring to appeal is not required, as a condition of appealing, to pay other costs than those so awarded. The Code provides that the appellant must pay the costs of the action included in the judgment (section 3047), and this means, of course, the costs of the action properly included in the judgment, i. e. those awarded by the justice.

In the case before us, the justice, upon the new trial, dismissed the complaint, and entered a judgment for $80.15 costs, which included the costs awarded by the general term of the court of common pleas on the appeal from the former judgment, and $12.25 costs and disbursements of the second trial. The appellant· tendered the $12.25 to the justice, which was refused, and the justice declined to make a return until the whole of the $80.15 was paid. The appellant is right in his contention, and upon payment of $12.25 the return should be made.

The motion is granted. As the question has not been determined before, no costs of motion will be allowed. All concur.