(20 Misc. Rep. 353.)

## SCHLESINGER v. DAVID MAYER BREWING CO.

(Supreme Court, Appellate Term.   May 27, 1897.)

COSTS—AWARD ON APPEAL—TAXATION.
    An award by the appellate term of the supreme court of the costs of an appeal from a district to abide the event of another trial cannot be taxed by the district court on the second trial.

Appeal from Eleventh district court.

Action by Louis Schlesinger against the David Mayer Brewing Company for rent. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. Bradley Tanner, for appellant.
Thomas H. Ronayne, for respondent.

BISCHOFF, J.    The sole issue in this case was whether or not the defendant had assumed liability for the rent of the plaintiff's store, devoted to the purposes of a barroom, for the month of December, 1894, a direct agreement to this effect having been testified to by the plaintiff, and denied by the witnesses called upon behalf of the defendant.    Certain facts appear without contradiction, and these are that the plaintiff had leased the premises in question to one Young by a written lease dated January 28, 1892; providing for the payment of a stated sum as rent, monthly, in advance; that the defendant was the mortgagee of certain fixtures placed by Young, the mortgagor, in this saloon; and that in November, 1894, a conversation was had with the plaintiff by the treasurer and the collecting agent of the defendant (whose agency to bind the company in the present instance was not disputed), touching the inability of Young to pay the rent due November 1st, the plaintiff having determined to dispossess him.  ' The dispute in the case is with regard to the matters occurring at this interview, the plaintiff's testimony being that the defendant had agreed to pay the December rent, in order to avoid the removal of Young, together with the mortgaged chattels, from the premises, and that they also agreed to pay the November rent, which was in fact paid by the defendant's agent; but the defendant's witnesses declared that this conversation had to do only with the proposition that Young's rent be reduced, and that this proposal was not met by the plaintiff, except so far as to offer better terms should a more responsible tenant be found.    Generally, the plaintiff gave evidence in support of his claim, rebutting by his direct denial all testimony which was adduced for the defense in support of certain alleged facts as presented in attempted corroboration of its witnesses' account of the transaction, and the only point which calls for our consideration is with regard to representations made of record by the plaintiff in the course of summary proceedings instituted by him on December 17, 1894, against Young.    It appears that, on the date mentioned, a petition for the removal of Young from these premises was signed by the plaintiff, and presented to the district court, the document reciting the fact that the party sought to be removed was the tenant under a written lease; and upon a former appeal it was held by this court that these representations by the plaintiff, unexplained, were sufficient to defeat his recovery upon the alleged verbal lease to the defendant, since the evidence in the case was thus made to preponderate against the claim that the defendant was the tenant for the month of December.    Upon the trial now reviewed, however, evidence was given by the plaintiff in explanation of his act in thus framing his petition, and this was to the effect that he had stated to the clerk of the court that the proceeding was to be instituted against the David Mayer Brewing Company, not against Young; but that the clerk, through a misunderstanding, filled in the same statements as were contained in an earlier petition made, as against Young, in November (the form being the customary printed one), and that he signed the paper upon the assumption that it was correctly drawn.    The jury have passed upon this explanation favorably to the plaintiff, and we are not willing to say.

that the verdict should be disturbed, the direct oath of this witness being in support of the case throughout, and the probabilities not being against the testimony thus given to any such degree as could call for our ordering a new trial. The judgment is defective, however, in one particular, an award of costs of the former appeal having been included. These costs were by the former decision of this court directed to abide the event of the second trial, but they were not taxable by the district court (Van Bussum v. Insurance Co., 16 Misc. Rep. 40, 37 N. Y. Supp. 665); and, so far, the recovery below was excessive. .

Therefore the judgment must be reversed, and a new trial ordered, with costs to abide the event, unless the respondent shall stipulate, within five days, to reduce the judgment by the sum of $25, in which event the judgment is affirmed, without costs of this appeal, but without prejudice to the respondent's right to tax costs of the prior appeal in the proper manner. All concur.