George Digby, Respondent, *v.* Ernest H. Aldinger, Appellant.

(County Court, Chautauqua County, November, 1910.)

Justices of the peace — Appeal and error — Proceedings for transfer of cause — Notice — Service of notice and payment of costs — Costs payable.

The costs which a party is required to pay a justice of the peace upon appealing from the judgment rendered by him do not include ten dollars costs awarded by the County Court upon the reversal of a prior judgment to abide the event of the action.

Motion to dismiss an appeal.

Thomas H. Larkin, for appellant.

S. P. Fox, for respondent.

Ottaway, J.  This is a motion made by the respondent to dismiss the appeal of the appellant on the ground that the appellant in taking his appeal did not pay all of the costs taxed by the judgment as entered by the justice of the peace presiding at the trial.

The history of the case discloses that a prior judgment was obtained by the respondent against the appellant from which an appeal was taken to the County Court of Chautauqua county.  An order was made reversing the judgment and directing a new trial with ten dollars costs to abide the event.  A new trial was had, the respondent again recovering.  An appeal has again been taken by the appellant.  At the time of serving the notice of appeal the appellant made inquiry of the justice concerning the amount of the costs and was informed by the justice that the costs amounted to nine dollars and seventy cents, whereupon the appellant paid the justice the sum of eleven dollars and seventy cents, being the amount of costs together with two dollars for making a return.  Subsequently the justice seems

to have included in the judgment the sum of ten dollars directed to be paid by the order of the County Court to abide the event of the action.

The respondent insists that the justice had a right to include the ten dollars in his judgment and the appellant's failure to pay the same entitles the respondent to a dismissal of the appeal taken herein.

We are unable to agree with the contention of the respondent. It is true that section 3047 of the Code of Civil Procedure requires the appellant at the time of serving his notice of appeal to pay the costs of the action. Courts of concurrent jurisdiction, however, have held that this does not include costs awarded by the appellate courts to abide the event of the action, and that these costs are under the control of the appellate court and are to be collected, if at all, in the manner provided by the rules of that court. Van Bussem v. Metropolitan L. Ins. Co., 16 Misc. Rep. 40; Schlesinger v. David Mayer Brewing Co., 20 id. 353.

Another reason is fatal to respondent's contention. The ten dollars awarded was conditional, dependent upon the event of the action. An appeal having been taken the action is not yet determined and respondent's right to this amount not yet the subject of the final order of the court.

The motion is denied with ten dollars costs.

Motion denied.